UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKIP KEYSER REALTY, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-07409-SI<br><br>**ORDER TO SHOW CAUSE AND VACATING APRIL 7 INITIAL CASE MANAGEMENT CONFERENCE** |

　　　　Plaintiff Andres Gomez, who lives in Miami, has filed numerous lawsuits in this district against Napa Valley real estate defendants alleging that the defendants' websites are inaccessible to people with vision disabilities. It has come to the Court's attention that in those lawsuits, Mr. Gomez has stated that he has no intention of visiting the defendants' physical offices and that the alleged inaccessibility of the defendants' websites is unrelated to a physical location. For example, on February 14, 2022, Mr. Gomez filed a declaration in *Andres Gomez v. Gates Estates, Inc.*, C 3:21-cv-07147 WHA (Dkt. No. 34-1), in which Mr. Gomez stated that he enjoyed "window shopping" by browsing real estate websites featuring Napa Valley homes and that he did not have any present intention to visit the defendant's physical office in Napa Valley because "physically visiting the business for any reason would be fundamentally less useful to me than using the website or telephone." Similarly, in *Andres Gomez v. Corro*, C 3:21-cv-07085 SI, plaintiff's counsel (who is also counsel of record in this case) filed a sworn declaration stating that a joint site inspection was unnecessary in that case because the alleged inaccessibility of defendants' websites "is a policy violation unrelated to a physical location." Dkt. No. 31 at 2.

　　　　This case, like *Gates Estates and Corro*, involves allegations of perusing defendants' websites to look at houses for sale in Northern California. The Ninth Circuit has held that "[b]ecause

the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there had to be 'some connection between the good or service complained of and an actual physical place.'" *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)). "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-cv-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 21, 2021). Based upon Mr. Gomez's statements and positions in cases nearly identical to this one, it appears that there is no basis for a claim under the Americans with Disabilities Act, and thus that this Court lacks subject matter jurisdiction.

Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than **April 8, 2022** why this case should not be dismissed for lack of subject matter jurisdiction. If Mr. Gomez and his counsel contend that there is a basis for subject matter jurisdiction, Mr. Gomez shall file a declaration signed under penalty of perjury stating the factual basis for the ADA claim.

**IT IS SO ORDERED**.

Dated: April 5, 2022

SUSAN ILLSTON
United States District Judge