UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SKIP KEYSER REALTY, INC.,<br><br>    Defendant. | Case No. 21-cv-07409-SI<br><br>**ORDER DISMISSING ADA CLAIM WITHOUT LEAVE TO AMEND AND DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE** |

On September 23, 2021, plaintiff Andres Gomez filed this lawsuit against Skip Keyser Realty, Inc. Mr. Gomez is visually impaired and he lives in Miami, Florida. This case is one of a spate filed by Mr. Gomez in the Northern District of California against Napa Valley real estate companies.[1] In each case, Gomez alleges that the defendants' websites are inaccessible to people with visual disabilities, and that as a result he was unable to navigate the websites to obtain information about houses for sale in Northern California. Gomez's lawsuits allege claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.

In an order filed April 5, 2022, the Court ordered Mr. Gomez to show cause why the Court should not dismiss the ADA claim for lack of jurisdiction. The Court's April 5 order noted that it

---

[1] *See, e.g.*, *Andres Gomez v. Corro et al.*, No. 3:21-cv-07085-SI (N.D. Cal. Sept. 13, 2021); *Andres Gomez v. Gates Estates, Inc., d/b/a Vintage Sotheby's Int'l Realty*, No. 3:21-cv-07147-WHA (N.D. Cal. Sept. 15, 2021); *Gomez v. The Magliocco Group Inc.*, No. 3:21-cv-07148-VC (N.D. Cal. Sept. 15, 2021); *Gomez v. Smith*, No. 3:21-cv-07154-RS (N.D. Cal. Sept. 16, 2021); *Gomez v. Naimo*, No. 4:21-cv-07328-SBA (N.D. Cal. Sept. 20, 2021); *Gomez v. Sperow*, No. 4:21-cv-07852-YGR (N.D. Cal. Oct. 6, 2021); *Gomez v. Lesti Real Estate, Inc.*, No. 3:21-cv-07994-SI (N.D. Cal. Dec. 10, 2021). These cases are in varying stages of initial litigation, and most have been dismissed with leave to amend. One case has been dismissed without leave to amend, *Gomez v. Gates Estates*, No. 3:21-cv-07147-WHA (Feb. 22, 2022).

had come to the Court's attention that Mr. Gomez had filed a declaration in the *Gates Estates* case in which he stated that he enjoys "dreaming about real estate" and "window shopping" by browsing real estate websites featuring Napa Valley homes, and that he did not have any present intention to attempt to purchase real estate in Napa or visit the defendant's physical office in Napa Valley because "physically visiting the business for any reason would be fundamentally less useful to me than using the website or telephone." (Dkt. No. 34-1 in 3:21-cv-07147-WHA). The Court's April 5 order cited Ninth Circuit authority holding that "[b]ecause the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there had to be 'some connection between the good or service complained of and an actual physical place.'" *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)); *see also Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-cv-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 21, 2021) ("[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim."). The Court directed Mr. Gomez to show cause why the ADA claim should not be dismissed and to file a declaration stating the factual basis for his ADA claim.

On April 8, 2022, Mr. Gomez filed a response to the Order to Show Cause. Remarkably, the declaration that Mr. Gomez filed in support of his response appears to be a verbatim cut-and-paste of the declaration that he filed in *Gates Estates* – the declaration repeatedly refers to "Sotheby's," "Sotheby's website" and "Sotheby's business model"; Sotheby's was the defendant in the *Gates Estate* case, while the defendant in this case is Skip Keyser Realty, Inc. *See* Gomez Decl. ¶¶ 8, 9, 11 (Dkt. No. 27-1). In any event, Mr. Gomez again states that "[w]indow shopping and dreaming about real estate is a hobby of mine," and that "[w]hile I am interested in the services of [defendant's] office offered online, I do not have any present intention to visit [the physical] office." *Id*. ¶ 10. The "services" to which Mr. Gomez refers are the active real estate listings on the website, and he states that "there is value to me in consuming the information provided in real estate listings . . . ." *Id*. ¶¶ 5-6. Thus, Mr. Gomez's declaration confirms that the only Skip Keyser Realty "service" that Gomez wishes to access is reading the real estate listing information contained on the Skip

Keyser Realty website.

Gomez argues that the Ninth Circuit has never squarely addressed whether the ADA applies to websites without a nexus to a physical place, and he notes that the U.S. Department of Justice recently issued guidance about website accessibility. *See* Department of Justice, *Guidance on Web Accessibility and the ADA*, https://beta.ada.gov/web-guidance/ (Mar. 18, 2022). With regard to public accommodations under Title III of the ADA, the guidance states, *inter alia*, "A website with inaccessible features can limit the ability of people with disabilities to access a public accommodation's goods, services, and privileges available through that website—for example, a veterans' service organization event registration form."

The DOJ's guidance is consistent with the Ninth Circuit's holding in *Robles*. In that case, a blind plaintiff alleged that that the inaccessibility of Domino's website and app prevented him from ordering online a customized pizza from a nearby Domino's location. *Robles*, 913 F.3d at 902. The court found that Domino's "website and app facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants. They are two of the primary (and heavily advertised) means of ordering Domino's products to be picked up at or delivered from Domino's restaurants." *Id.* at 905. In holding that the ADA applied to Domino's website and app, the Ninth Circuit stated that "[t]his nexus between Domino's website and app and physical restaurants – which Domino's does not contest – is critical to our analysis." *Id.*

Here, Gomez asserts that the information about real estate listings on Skip Keyser's website is itself the service, rather than the website facilitating access to the services offered by Skip Keyser's physical location. Gomez has disclaimed any intention to visit Skip Keyser's physical office, and he does not wish to use defendant's website to *facilitate access to* a Skip Keyser service or good beyond the website itself. Thus, Gomez's claim is unlike the claim in *Robles* where the inaccessible website impeded access to ordering a customized pizza, or an inaccessible website preventing access to a registration form for a veterans' service organization event in the DOJ guidance example. Gomez does not cite any authority within the Ninth Circuit[2] holding that a

---

[2] The Court recognizes, as Judge Alsup did in *Gates Estates*, that there is a split of authority about whether a website is a public accommodation under Title III of the ADA. *See, e.g.*, *Winegard*

plaintiff may bring a Title III ADA claim to challenge the inaccessibility of a website where the inability to access information on the website was the sole basis of the ADA claim – where the website information was the "service" – and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation. Under these circumstances, the Court concludes that plaintiff has not stated a claim under the ADA and DISMISSES that cause of action without leave to amend. The Court declines supplemental jurisdiction over plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367.

**IT IS SO ORDERED**.

Dated: April 26, 2022

SUSAN ILLSTON
United States District Judge

---

*v. Crain Comm's, Inc*., 2021 WL 1198960 (S.D.N.Y. March 30, 2021) (holding, on motion for default judgment, that website itself was public accommodation). However, there are no cases within the Ninth Circuit so holding, and all Ninth Circuit authority is to the contrary. *See*, *e.g, Cullen v. Netflix*, 880 F.Supp.2d 1017 (N.D. Cal. 2012) (holding Title III of ADA did not apply to Netflix's website because it was not a public accommodation); *see also Weyer*, 198 F.3d at 1114 (holding that the ADA covers "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services"); *Strojnik v. Kapalua Land Co. LTD*, 2019 WL 4685412, at *6 (D. Haw. Aug. 26, 2019), report and recommendation adopted sub nom. *Strojnik v. Kapalua Land Co. Ltd*., 2019 WL 4684450 (D. Haw. Sept. 25, 2019), aff'd, 801 F. App'x 531 (9th Cir. 2020) (finding that an ADA plaintiff failed to state a claim because he did not allege "any facts establishing that the services the Website denied him has any nexus to the actual Property").